May it please Mr. Stack you reserve one minute for rebuttal. Yes, thank you, Your Honor. All right, so that gives you nine minutes out of the gate. I just want to make sure Judge Nardini is still hearing and seeing clearly. Thank you. Yes, I am. Thank you. Perfect. All right. You may proceed, Mr. Stack. Thank you, Your Honor. May it please the court, this case reminds me of when I was a young assistant district attorney in the Manhattan DA's office. Defense counsel was trying to exclude some evidence. The court replied, yes, it's prejudicial, but highly probative. Plaintiff Regina Orsaio, a lesbian parole officer, asked fellow parole officer Jose Schwartz-Castillo why Ronald Hess, their mutual boss, hated her. Schwartz-Castillo replied, because you don't like cock.  Why is that not a hearsay? It is a hearsay, but it is admissible explicitly under the rule, under the exception, the hearsay of the admission of a party opponent. Federal Rule 801D2D states that, quote, a statement by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship, close quote, is an admission of a party opponent. There is no basis in the- Agency and employment? Well, Your Honor, I think it's not the old rule about within the scope of the employment. It was said not to be within the scope of employment if it's a frolic and detour. This is no frolic and detour. This is interactions on a daily basis between people subject to the same supervisor. Schwartz-Castillo knew Hess very well. What he said was based on his interactions with Hess, and there was a lot of- How do we know that? Because of the fact that they worked together consistently. And in fact, many of the things that happened to the detriment of the plaintiff benefited Schwartz-Castillo. For example, he got the assist caseload, and her caseload was 1.37. But when he got it, his was 0.96. So again, these are people that interacted on a daily basis. You could observe what was happening in the employment relationship. Can I ask a question? Yes, Your Honor. In your view, what's the standard of review for this evidentiary ruling? I think the federal rule of evidence is a rule of law, and I do not think the court has discretion to dispense with it. I think it's- That's not a standard of review. Well, the standard of review- I'm asking for- hang on. I'm asking for the three that we usually deal with, or de novo, which is the least deferential, clear error, which is the most deferential, as a matter of fact. My impression, and this is why I was going there, is that we usually look for something along the lines of abuse of discretion or manifestly erroneous when it comes to evidentiary matters. And I guess I'm wondering if you could identify which of those, or from wrong and there's some other standard. But I'm not looking for you to make something up. I'm looking for you to articulate one that we've described in our case law. So on a motion for summary judgment, which is where this issue first came up, it's de novo review. I do not believe- No, no, counsel. Counsel, please. Could you focus on my question, which is the evidentiary ruling? About what's evidence and what's not. What not about what inferences one draws from admissible evidence. I have said, and I believe this to be the rule, Your Honor, that this is not a review for abuse of discretion, because this is an error of law. The court does not have- Could you point us to a- could you cite a case for that proposition? Not standing here at this podium. I do not have an encyclopedic knowledge of every precedent of this circuit. So the- I don't believe, however, that the court has discretion to dispense with the federal rules of evidence in 35 years of practice. I have not seen that. However, there's no basis in the rule for requiring the statement to come from the mouth of a member of management further. And I think this is an excellent point. The case law says that a statement of this kind is admissible to show the environment in which the employee worked. P.O. Schwartz-Castillo worked with Senior Parole Officer Hess on a day-to-day basis and benefited from decisions that Hess made to the detriment of the plaintiff, as I said before. So the statement, because you don't like cock, is not so remote from management that there should be a judicially created rule to exempt it from the normal purview of FRE 801 D2D, which is what I think the court did here. From now going on to the general way the court looked at the evidence in this case, instead of following the law that the totality of circumstances establishes where there is sufficient evidence of discrimination, this court at the district court level examined each piece of evidence piecemeal with a fine-toothed comb to determine whether it constitutes discrimination in and of itself. This court has rejected that approach many, many times. And in the Garrett case that we cited in our brief, the court goes through an extensive analysis and shows how that type of reasoning by a district court is not appropriate. And so the problem with that type of approach is it leads to summary judgment only being denied when the plaintiff has some sort of smoking gun evidence from the mouth of the alleged discriminator, which is rare and which this court repeatedly has said is not required. So the district court further excluded the evidence submitted in support of the discrimination claim from consideration at trial of the retaliation claim. Normally, the evidence of discrimination would be admissible to show a motive to retaliate as well. A plaintiff should not be punished by having all evidence of a dismissed claim excluded from trial. Well, are there any boundaries to your position? I mean, I think the district court seems to have been concerned that counsel was trying to retry or revisit the summary judgment determination and try the discrimination case in the retaliation case, which was the retaliation claim, the only thing that was left. Was there any, did the district court have any basis for excluding any of them? Or should you have been able to- I think if that was the district court's feeling, it seems highly speculative. The test should be whether the evidence would have been admissible had the dismissed claim never been brought. That's the test. So if you see a situation where the boss shows- But the claim that was remaining was retaliation for filing the discrimination complaint, right? That is true, but intent is the issue, intent to retaliate. And the case law that we've set forth and agreed- But I'm sorry to interrupt, but intent to retaliate is what you just said. Whereas the kind of incidents that you're seeking, you seem to be objecting to about the exclusion have to do with discriminatory intent at the beginning. And it sounds like you ought to be able to retry or present evidence as to every element of alleged discrimination to support the retaliation claim. That's not what counsel was seeking to do. Counsel was seeking to show the motive to retaliate. And if you take the retaliation out of the context of how this employee was treated, it makes it extremely difficult to prove retaliation in fact. But motive to retaliate is supposed to be based on the filing of the complaint, the exercise of the right to complain about treatment. So you can show that a complaint was filed. It doesn't, I'm sorry. And the court allowed some general descriptions of how the plaintiff was feeling. But are there any limits, I'm hearing no limits to your position about what the district court's authority to exclude any evidence regarding discrimination. It has to relate to the motive. And if it relates to the motive, it should not be excluded. And that's what all the cases say that are cited in our brain. The retaliatory motive or the discriminatory motive? They're not the same. They're not always easily separable because to prove retaliatory motive, you have to show a claim beforehand and the general animosity towards the plaintiff gives someone a reason to retaliate. So it is proof of retaliatory motive. It's very interesting because just what happened in the jury room afterwards is the lawyers and the judge went in there and the jury said, we definitely thought your client was discriminated against, but we thought that this was just bad management and there was no retaliation. So by sanitizing the proof and not showing the animus that the supervisors had for the plaintiff, it made it impossible to prove retaliation. Thank you. Thank you. We'll now hear from Mr. Mix. Please the court, Sean Mix on behalf of Appellee. With respect to retaliation, this court should affirm the jury verdict on retaliation because the district court reasonably exercised its discretion when it limited the admission of certain cooperating evidence of the alleged history of discrimination. Now the district court did allow a significant amount of evidence in the form of witness testimony and documentary evidence regarding plaintiff's discrimination complaint, but it simply stopped short of holding many trials on whether each individual instance of discrimination occurred. So this wasn't an abuse of discretion. And with respect to the statement by Shorts Castillo, as Judge Sullivan said, this really wasn't in the scope of the agency. This was his speculation as to why Hess did not like plaintiff. And so none of this was abuse of discretion. In the context, she did allow a significant amount of evidence and background evidence in. The district court also properly determined that summary judgment was appropriate as to plaintiff's discrimination and hostile work environment claims. As an initial matter, the district court properly awarded summary judgment on those claims because they were untimely. Based on plaintiff's failure to commence suit within 90 days of receiving the right to sue letter. Plaintiff's affidavit denies receipt of the December 2016 letter, but this court is clear that mere denial of receipt is insufficient to overcome those presumptions. Her affidavit additionally states that the later right to sue letter, with respect to a retaliation claim sent in May 2017, was sent to the wrong address. Now, even accepting that is true, because the record does not contain a letter showing an incorrect address. Plaintiff's statement is insufficient to raise a question about the propriety of the mailing of the earlier letter. Because we do have in the record the letter Docs received, and it contains plaintiff's correct address. And it was received at the time predicted by this mailing presumption. So therefore, the court properly awarded summary judgment on these claims as untimely. Alternatively, if the court wants to go to the merits, summary judgment was appropriate with respect to both claims on the merits. As an initial matter with respect to the hostile work environment claim, nearly all of these allegations on a discrete discriminatory acts don't contribute to the hostile work environment claim. Because there's simply no basis in which a rational juror could find discriminatory animus. And even though discrete discriminatory actions could, in some context, be relevant to a hostile work environment claim, every event has to be tied to the allegedly ongoing practice of hostile events in the workplace that are the result of discriminatory animus. Here, the evidence of discriminatory animus is extremely thin. You have a colleague's opinion that defendant did not like plaintiff because she was gay. And you have an anecdote by a supervisor in the context of time management that she once interviewed a transgender parolee, and it took longer than she expected. No reasonable juror could infer that those allegations alone make every mundane decision in the workplace to which plaintiff took some offense was another example of an ongoing hostility based on her protected status. Let me ask a question. Ms. Rosario seems to argue that under the continuing violation exception related to the hostile work environment, that the district court should have considered all of her allegations of discrimination, including those that occurred before July 25, 2015, because this is part of a continuing pattern of practice. I didn't see a real response to that. What is your position on that? Yes, well, categorically speaking, discrete discriminatory actions that are time barred can be relevant to a hostile work environment claim. So it's not our position that categorically they're out. But here, they simply didn't contribute to the hostile work environment claim because there's no basis in which a rational juror could conclude that they were on the basis of any discriminatory animus. And so they're really not relevant to the hostile work environment claim. Now, if you disagree with that, even if you look at all these allegations, you still don't have a hostile work environment claim because they don't add up to a workplace that's so permeated with discriminatory intimidation, ridicule, and insult so as to alter the conditions of employment. Isn't it possible that certain kinds of denials of requests, the caseload allocation and denial of request to move to Syracuse and other unreasonable job requirements alleged, couldn't that be evidence potentially of a hostile work environment, even though it may not have been accompanied by derogatory comments? Certainly, facially neutral events can be used in conjunction with discriminatory events to create a hostile work environment. But here, we have a series of business decisions. The denial of a transfer, caseload assignments. And it's worth noting the record as a whole shows that she got a lot of things she wanted. She was removed from her CIS caseload. She was ultimately transferred to different caseloads. Hess interviewed her for the polygraph position she wanted, recommended her as her first choice. She was given the polygraph position. When she complained about her reports being too much workload, he removed her within two months from having that responsibility. And so in this context, a few failures to transfer immediately just don't add up to a hostile work environment. Okay, thank you. Unless the court has further questions, we ask that you affirm the judgment. All right, thank you very much. Thank you. And Mr. Steck, do you have a minute for rebuttal? Thank you. Was it a legitimate business decision of this employer to mimic the way the plaintiff walked? To call her a douchebag? And to leave a photo of her defaced to look like a man, which are classic indicia of discrimination. There are many excellent rules applicable to employment discrimination cases that permit proof based upon circumstantial or indirect evidence. We would ask that those rules be followed. Further, the issue of the untimeliness of the filing of the complaint, the notice upon which the state relies did not even have her address on it. And the address that he refers to was not her correct address. So I submit that her affidavit saying she received it later is the best evidence in this situation. Thank you very much, your honors. All right, thank you. We will reserve decision.